IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| In re a 18 U.S.C. § 2703(d) Order issued to Google, Inc. on June 10, 2011 | ) ) ) ) ) | File No. 1:11ec56 |

## MEMORANDUM OPINION AND ORDER

Before the court is the government's motion for an additional extension of the time during which Google, Inc. is prohibited from revealing the existence of this court's 18 U.S.C. § 2703(d) order herein, and a related search warrant, to Google's subscriber or to anyone else.

The court required the government to show why any portion of the record herein should remain sealed at this point, and to serve a redacted version of its brief on Google. Google then filed a brief in response, supporting unsealing, and the government filed a reply.

While an earlier order herein raised the possibility of oral argument on the government's motion, the court finds that this would not aid the decisional process on the issues to be decided.

Following, and adopting the reasoning of, Judge O'Grady's decision in *In re Application of the United States of America for an Order Pursuant to 18 U.S.C. § 2703(d)*, 1:11dm3, 2011 WL 5508991 (November 10, 2011), the court finds that unsealing the entire record relating to the present § 2703(d) order and related search warrant is not justified at this time because disclosure of the information contained in the applications and affidavit would jeopardize an ongoing investigation.

The remaining question, raised by the present motion and Google's response, is whether disclosure of the *existence* of the § 2703(d) order entered on June 10, 2011 would "seriously jeopardiz[e] an investigation." 18 U.S.C. § 2705(b)(5). Google raises the analogous question as to the search warrant, which is the subject of a separate order entered today.

The sole potential problem that notification might create that was raised by the government with specificity in its unredacted brief has now been eliminated by subsequent events.

The government's remaining, non-specific concern for confidentiality is speculative at best, and not sufficient to meet the statutory standard regarding the June 10, 2011 order. The existence of the investigation in issue and the government's wide use of § 2703(d) orders and other investigative tools has been widely publicized now. It is difficult to imagine circumstances in which this Google subscriber, as described by the government in its brief, has not assumed government access to this account and acted accordingly.

The court therefore finds that the government has not met its burden to obtain an extension of the time in which Google is prohibited from notifying this subscriber of the existence of the June 10, 2011 § 2703 order.

It is accordingly

ORDERED that, unless the government appeals from this order within fourteen days, then Google, Inc. may thereafter deliver to its subscriber a copy of the order entered herein on June 10, 2011, from which the name of the attesting official has been redacted; but a government appeal shall operate to stay this relief pending further order of the court. The remainder of the record will remain under seal.

Because no confidential information is revealed in the present order, it will not be filed under seal, and the Clerk is directed to open an electronic file with this docket number and to file this order therein.

ENTERED this 28th day of February, 2012.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia